## UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Michael Lamont Gilchrist**                                             **Docket No. 5:18-CR-342-1D**

### Petition for Action on Supervised Release

COMES NOW Taylor R. O'Neil, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Michael Lamont Gilchrist, who, upon an earlier plea of guilty to two counts of Distribution of a Quantity of Cocaine Base (Crack), 21 U.S.C. § 841(a)(l) and 21 U.S.C. § 841(b)(l)(C), and Distribution of a Quantity of Cocaine Base (Crack) and Aiding and Abetting, 21 U.S.C. § 84l(a)(l), 21 U.S.C. § 841(b)(l)(C) and 18 U.S.C. § 2, was sentenced by the Honorable James C. Dever III, U.S. District Judge, on June 24, 2019, to the custody of the Bureau of Prisons for a term of 41 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Michael Lamont Gilchrist was released from custody on October 27, 2020, at which time the term of supervised release commenced.

On November 20, 2020, a Violation Report was submitted to the court regarding the defendant's use of cocaine. Supervision was continued and Mr. Gilchrist was referred for drug treatment and a referral for the HOPE Court was submitted.

On December 4, 2020, a Petition for Action was signed by the court adding the following conditions per HOPE Court requirements: participation in a cognitive behavioral program, DROPS, and warrantless searches.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On December 18, 2020, the defendant tested positive for cocaine, amphetamine, and methamphetamine. Laboratory confirmation results were received on December 30, 2020. The defendant admitted the use of these substances over the course of approximately one week before the test was administered. It should also be noted that the defendant failed to maintain communication with the probation officer during that week period in that the officer attempted to reach out to him numerous times.

The defendant is active in intensive outpatient treatment as well as community-based treatment (NA/AA). Additionally, he began the HOPE Court program on December 3, 2020, where he will remain in the initial phase until he can maintain sobriety for a minimum of 30 days. As a result of the recent positive, his treatment has been increased and he is voluntarily doing community service work to fill his idol time. In response to the current non-compliance, it is recommended that he undergo 60 days of location monitoring in order to hold him accountable for his whereabouts and actions.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

Michael Lamont Gilchrist
Docket No. 5:18-CR-342-1D
Petition For Action
Page 2

Reviewed and approved,

/s/ Maurice J. Foy
Maurice J. Foy
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Taylor R. O'Neil
Taylor R. O'Neil
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8698
Executed On: January 6, 2021

**ORDER OF THE COURT**

Considered and ordered this  6  day of  January , 2021, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge